CAMILLE N. JOHNSON (5494)
JUDITH D. WOLFERTS (7023)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000
Facsimile: (801) 363-4000
cnj@scmlaw.com
mme@scmlaw.com

*Attorneys for Defendant Farmington City*

**IN THE UNITED STATES DISTRICT COURT IN AND FOR**

**THE DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| SARAH MOJAZZA, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> FARMINGTON CITY, a Utah municipal corporation, <br><br> Defendant. | **ANSWER TO COMPLAINT** <br><br><br> Case No. 1:14-cv-17 <br><br> Judge David O. Nuffer |

Defendant Farmington City ("the City") hereby responds to Plaintiff's Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against the City upon which relief can be granted.

## SECOND DEFENSE

The City answers and denies the allegations of the Complaint as follows:

## PARTIES, JURISDICTION AND VENUE

1. The City denies the allegations of paragraph 1 for lack of information or knowledge.

2. In response to the allegations of paragraph 2 of the Complaint, the City admits that Plaintiff was employed by the City from September 2012 until January 2013. Except as expressly admitted, the City denies the allegations of paragraph 2 of the Complaint.

3. The City admits the allegations of paragraph 3 of the Complaint.

4. The City asserts that paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations of paragraph 4 of the Complaint for lack of information or knowledge.

5. The City denies the allegations of paragraph 5 for lack of information or knowledge.

6. The City asserts that paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations of paragraph 6 of the Complaint.

7. The City asserts that paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations of paragraph 7 of the Complaint.

8. The City asserts that paragraph 8 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations of paragraph 8 of the Complaint.

9. The City asserts that paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations of paragraph 9 of the Complaint.

## FACTUAL ALLEGATIONS

10. The City admits the allegations of paragraph 10 of the Complaint.

11. The City denies the allegations of paragraph 11 of the Complaint.

12. In response to the allegations of paragraph 12 of the Complaint, the evaluation speaks for itself and any attempt to characterize it is denied.

13. In response to the allegations of paragraph 13 of the Complaint, the evaluation speaks for itself and any attempt to characterize it is denied.

14. In response to the allegations of paragraph 14 of the Complaint, the evaluation speaks for itself and any attempt to characterize it is denied.

15. In response to the allegations of paragraph 15 of the Complaint, the City admits that plaintiff was terminated on January 8, 2013. Except as expressly admitted, the City denies the allegations of paragraph 15 of the Complaint.

16. The City denies the allegations of paragraph 16 of the Complaint.

17. The City denies the allegations of paragraph 17 of the Complaint.

18. The City denies the allegations of paragraph 18 for lack of information or knowledge.

19. The City denies the allegations of paragraph 19 for lack of information or knowledge.

20. The City denies the allegations of paragraph 20 for lack of information or knowledge.

21. The City denies the allegations of paragraph 21 for lack of information or knowledge.

22. The City denies the allegations of paragraph 22 of the Complaint.

23. The City denies the allegations of paragraph 23 of the Complaint.

24. The City denies the allegations of paragraph 24 of the Complaint.

25. In response the allegations of paragraph 25 of the Complaint, the City admits that plaintiff and Captain Thurgood met on January 3, 2013. Except as expressly admitted, the City denies the allegations of paragraph 25 of the Complaint.

26. In response the allegations of paragraph 26 of the Complaint, the City admits that plaintiff and Captain Thurgood met on January 3, 2013. Except as expressly admitted, the City denies the allegations of paragraph 25 of the Complaint.

27. The City denies the allegations of paragraph 27 of the Complaint.

28. The City denies the allegations of paragraph 28 of the Complaint.

29. The City denies the allegations of paragraph 29 of the Complaint.

30. The City denies the allegations of paragraph 30 of the Complaint.

31. The City denies the allegations of paragraph 31 of the Complaint.

32. The City denies the allegations of paragraph 32 of the Complaint.

33. The City denies the allegations of paragraph 33 of the Complaint.

34. In response to the allegations of paragraph 34 of the Complaint, the City admits that in her exit interview on January 16, 2013, plaintiff was advised that she was terminated for the continued use of inappropriate language and for displaying an inappropriate photograph from her phone to department personnel on more than one occasion, even after having been advised that both of these types of conduct were in violation of the Code of Ethics. Except as expressly admitted, the City denies the allegations of paragraph 34 of the Complaint.

35. The City denies the allegations of paragraph 35 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Sexual Harassment in Violation of Title VII of the Civil Rights Act)**

36. The City incorporates by this reference all defenses, answers and responses set forth in this Answer, including those set forth in paragraphs 1 though 36, as if alleged in full herein.

37. The City admits the allegations of paragraph 37 of the Complaint.

38. The City asserts that paragraph 38 of the Complaint contains legal conclusions to which no response is required. To the extend a response is required, Title VII speaks for itself and any attempt to characterize it is denied.

39. The City denies the allegations of paragraph 39 of the Complaint.

40. The City asserts that paragraph 40 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations of paragraph 40 of the Complaint.

41. The City denies the allegations of paragraph 41 of the Complaint.

42. The City denies the allegations of paragraph 42 of the Complaint.

43. The City denies the allegations of paragraph 43 of the Complaint.

44. The City denies the allegations of paragraph 44 of the Complaint.

45. The City denies the allegations of paragraph 45 of the Complaint.

46. The City denies the allegations of paragraph 46 of the Complaint.

47. The City denies the allegations of paragraph 47 of the Complaint.

48. The City denies the allegations of paragraph 48 of the Complaint.

## SECOND CAUSE OF ACTION
### (Sex Discrimination in Violation of Title VII)

49. The City incorporates by this reference all defenses, answers and responses set forth in this Answer, including those set forth in paragraphs 1 though 48, as if alleged in full herein.

50. The City asserts that paragraph 50 of the Complaint contains legal conclusions to which no response is required. To the extend a response is required, Title VII speaks for itself and any attempt to characterize it is denied.

51. The City denies the allegations of paragraph 51 of the Complaint.

52. The City denies the allegations of paragraph 52 of the Complaint.

53. The City denies the allegations of paragraph 53 of the Complaint.

54. The City denies the allegations of paragraph 54 of the Complaint.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of Title VII of the Civil Rights Act)

55. The City incorporates by this reference all defenses, answers and responses set forth in this Answer, including those set forth in paragraphs 1 though 55, as if alleged in full herein.

56. The City asserts that paragraph 56 of the Complaint contains legal conclusions to which no response is required. To the extend a response is required, Title VII speaks for itself and any attempt to characterize it is denied.

57. The City denies the allegations of paragraph 57 of the Complaint.

58. The City denies the allegations of paragraph 58 of the Complaint.

59. The City denies the allegations of paragraph 59 of the Complaint.

60. The City denies the allegations of paragraph 60 of the Complaint.

61. The City denies the allegations of paragraph 61 of the Complaint.

62. The City denies Plaintiff is entitled to any relief set forth in her "Prayer for Relief."

63. The City denies each and every allegation in the Complaint not expressly admitted above.

The City reserves the right to amend its defenses and include additional defenses during the course of the litigation. By listing a defense herein, the City is not representing that the defense is an affirmative defense or that the City bears the burden of proof. As separate and distinct defenses to plaintiff's claims for relief, and each of them, in the Complaint, the City alleges as follows:

## THIRD DEFENSE

Plaintiff's claims may be barred in whole or in part by her failure to mitigate her alleged damages.

## FOURTH DEFENSE

To the extent Plaintiff's claims are based on events that occurred outside the statute of limitations for filing a Charge of Discrimination, such claims are time barred.

## FIFTH DEFENSE

Plaintiff waived her rights, if any, to seek damages or other relief from the City.

## SIXTH DEFENSE

Plaintiff is estopped from asserting any and all causes of action against the City.

## SEVENTH DEFENSE

Plaintiff is barred under the doctrine of unclean hands from all forms of equitable relief sought in the Complaint.

## EIGHTH DEFENSE

Plaintiff is barred under the doctrine of laches from all forms of relief sought in the Complaint.

## NINTH DEFENSE

The City specifically denies violating any federal or state constitutional, statutory or common law right of Plaintiff.

## TENTH DEFENSE

The actions of the City were in response to Plaintiff's actions, and were reasonable and justified under the circumstances.

**ELEVENTH DEFENSE**

The City is entitled to recover reasonable attorneys' fees against Plaintiff on the grounds that this action, in whole or in part, is unreasonable, frivolous, vexatious, without merit, and/or has not been brought or asserted in good faith.

**TWELFTH DEFENSE**

All acts or omissions of the City were undertaken in good faith, with probable cause, and were fully justified and reasonable under the circumstances.

**THIRTEENTH DEFENSE**

Any damage sustained by Plaintiff was solely caused by the culpable conduct of persons or entities other than the City, and for which the City does not have vicarious liability.

**FOURTEENTH DEFENSE**

The City had the right to terminate Plaintiff's employment.

**FIFTEENTH DEFENSE**

Plaintiff's claims are not justiciable.

**SIXTEENTH DEFENSE**

Plaintiff's claims would result in Plaintiff's unjust enrichment.

**SEVENTEENTH DEFENSE**

Any compensation or benefits received from any source by Plaintiff after she was terminated must be applied to reduce any damages claimed by Plaintiff.

## EIGHTEENTH DEFENSE

The actions of which Plaintiff complains, and any such actions are denied, were not executed pursuant to a policy, custom, practice or usage officially adopted or promulgated by the City, and the City cannot be derivatively liable.

## NINETEENTH DEFENSE

All of the City's acts or omissions, if any, were discretionary, were undertaken in good faith, did not violate any of Plaintiff's clearly established particularized rights of privileges, and were fully justified and reasonable under the circumstances.

WHEREFORE, the City prays judgment as follows:

1. That Plaintiff takes nothing from the City by way of her Complaint, and that the Complaint and all of Plaintiff's claims against the City be dismissed with prejudice;

2. That the City be awarded its costs of suit, including reasonable attorneys' fees incurred herein; and

3. That this Court award such other and further relief as it may deem just.

DATED this 6th day of June, 2014.

SNOW, CHRISTENSEN & MARTINEAU

*/s/ Camille N. Johnson*
Camille N. Johnson
Judith D. Wolferts
*Attorneys for Defendant Farmington City*

CERTIFICATE OF SERVICE

      I hereby certify that on the 6th day of June, 2014, I electronically filed the foregoing **ANSWER TO COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service

      */s/ Camille N. Johnson*

2879874