IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SARAH MOJAZZA,<br><br>                      Plaintiff,<br>v.<br><br>FARMINGTON CITY,<br><br>                      Defendant. | **MEMORANDUM DECISION AND ORDER DENYING THE MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 1:14-CV-00017<br><br>District Judge David Nuffer |

Sarah Mojazza (Mojazza) alleges that Farmington City (City) violated Title VII of the Civil Rights act in three ways: First, sexual harassment;[1] second, sex discrimination;[2] and third, retaliation.[3] The City moved for summary judgment on all claims.[4] Mojazza responded in opposition.[5] The City replied.[6]

## STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[8] In

---

[1] Complaint at 6, docket no. 2, February 26, 2014.

[2] *Id.* at 8.

[3] *Id.*

[4] Motion and Memorandum in Support of Defendant's Motion for Summary Judgment (Motion), docket no. 16, filed June 29, 2015.

[5] Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, docket no. 21, filed August 3, 2015.

[6] Reply Memorandum in Support of Defendant's Motion for Summary Judgment, docket no. 25, filed August 18, 2015.

[7] Fed. R. Civ. P. 56(a).

[8] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

determining whether there is a genuine dispute as to material fact, the court should "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."[9]

The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[10]

## DISCUSSION

There are many disputed material facts in this motion. Principal among them are those relating to Mojazza's interactions with her direct supervisors. For example, Mojazza's supervisor testifies that the alleged harassment was first brought to his attention after December 25, 2012 while Mojazza testifies that the alleged harassment was first brought to her supervisor's attention on November 11, 2012.[11] Indeed, the facts set out in the Motion itself are irreconcilable.[12] There is little to no contemporary documentation to rely on. For instance, the City contends that it terminated Mojazza because she used inappropriate language while on the job in front of Farmington citizens,[13] but there is no supporting documentation. Simply, the City says she did, but she says she did not.[14] These and many others[15] are the classic factual disputes destined for

---

[9] *Id.*

[10] *Id.* at 670-71.

[11] *See, e.g.*, Motion ¶ 17 at xiv and Opposition at 15.

[12] *See, e.g.*, Motion ¶ 23 at xv (stating that Mojazza testified that a coworker touched her "butt in and out of the fire engine or on scene he[] touched her butt, he grabs my boobs"); *compare* Motion ¶ 48 at xx (stating that the coworker testified that "he never touched Ms. Mojazza inappropriately.").

[13] Motion ¶ 66 at xxiii (quoting Mojazza's supervisor's testimony that Mojazza used strong profanity in front of Farmington citizens).

[14] Exhibit A (Sarah Mojazza Deposition Transcript) at 138, docket no. 22-1, filed August 4, 2015 (Mojazza testifying that she did not use that language in front of Farmington citizens).

[15] For further illustration, Mojazza testified that *at her supervisor's request* she showed an explicit photo to her supervisor of someone who allegedly raped her. *See* Sarah Mojazza Deposition Transcript at 48. But the supervisor testified that Mojazza showed him the photo at "random," as if she were "boasting." Exhibit F (Thurgood Deposition Transcript) at 61–64, docket no. 22-6, filed August 4, 2015.

juries, not resolvable by the court on a motion for summary judgment: A rational trier of fact could decide the matter either way.

The relevant legal tests to which the jury will apply the facts will be decided after pre-trial motions and jury instructions are resolved. [16] A trial order will issue.

## ORDER

IT IS HEREBY ORDERED that the Motion and Memorandum in Support of Defendant's Motion for Summary Judgment[17] is DENIED.

Signed January 6, 2017.

BY THE COURT

District Judge David Nuffer

---

[16] It is worth noting at this point, however, that the parties adopted an incorrect standard for the Title VII prima facie case. They include an element for considering how "a similarly situated person outside the protected class was treated differently than she was treated." Motion at xlviii; Opposition at 72. Though the 10th Circuit's jurisprudence on the elements of the prima facie case is not necessarily consistent, it generally eschews the disparate treatment requirement. *See Sorbo v. United Parcel Service*, 432 F.3d 1169, 1173 (10th Cir. 2005) (the requirement that the court consider how similarly situated employees who are not part of the protected class were treated, "has limited if indeed any, remaining application in this circuit"); *see also Tabor v. Hilti Inc.*, 703 F.3d 1206, 1216 (10th Cir. 2013).

[17] Docket no. 16, filed June 29, 2015.